UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 29 2010 ★
BROOKLYN OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA, | 10-cr-224 |
| –against– | Statement of Reasons Pursuant to 18 U.S.C.§3553(c)(2) |
| LEMEL NALLEY, | |
| Defendant. | |

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C.§3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C.§3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C.§3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under§3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On March 26, 2010 Lemel Nalley pled guilty to a single-count information, which charged that between September 2007 and September 2008, the defendant, with others, conspired to distribute crack cocaine in violation of 21 U.S.C. 846 and 841(b)(1)(C).

Nalley was sentenced on August 24, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C.§3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be twenty-seven and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between seventy and eighty-seven months. The calculation of the total offense level included a three-point deduction for acceptance of responsibility based on Nalley's admission of guilt. The offense carried a maximum term of imprisonment of twenty years. *See* 21 U.S.C. 841(b)(1)(C). It was conceded by the defendant and the government, and the court found, that all statutory requirements for the 'safety valve' under 18 U.S.C.§3553(f) had been met, and the statutory minimum sentence did not apply. The guidelines range of fine is from $15,000 to $1,000,000. The maximum statutory fine is $1,000,000. *See* 21 U.S.C. (b)(1)(C).

Nalley was sentenced to five years probation. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any ability in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C.§3553(a) to ensure that the sentence is 'sufficient, but not greater than necessary, to comply with the purposes' of

sentencing. 18 U.S.C.§3553(a). The court imposed a non-guideline sentence under 18 U.S.C. §3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C.§3553(a)(1). The offense of possession of cocaine with intent to distribute is serious. The defendant's character nevertheless appears to be good, and he has demonstrated a concerted effort to reform. Since the defendant's last illegal conduct in September 2008, he has made great strides to better himself and provide for his family. The defendant is employed in a union job, which allows him to earn a good living. He is leading a useful life, providing for his two-month old son and paying child support for his eleven year old daughter who lives with her mother in a different home. Probation allows him to continue to rehabilitate himself and support two families. A sentence of five years probation reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C.§3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: general and specific deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in cocaine distribution will result in a serious punishment. Specific deterrence is achieved through the sentence imposed and the impact on this conviction on defendant's employability. It is unlikely that he will engage in further criminal activity in light of his work responsibilities and expressed desire to care for his children and obtain higher education.

                                              /s/ Jack B. Weinstein
                                              Jack B. Weinstein
                                              Senior United States District Judge

Dated: September 7, 2010
       Brooklyn, New York